IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Christine M. Arguello

Civil Action No. 21-cv-02471-CMA

PETER GEORGE NOE,

    Applicant,

v.

B. TRUE,

    Respondent.

---

ORDER

---

The Court must construe liberally the Application and other papers filed by Applicant because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court is not an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

Applicant is a prisoner in the custody of the Federal Bureau of Prisons (BOP) at the United States Penitentiary in Florence, Colorado. Applicant initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 1, raising two claims. Claim One challenges the denial of participation in the recidivism reduction programming. *Id.* at 2-5. Claim Two contends there are errors in Applicant's presentence investigation report. *Id.* at 5-8. On September 14, 2021, the Court ordered Respondent to file a Preliminary Response limited to addressing the affirmative defense of exhaustion of administrative remedies if Respondent intends to raise that defense in this action. On October 5, 2021, Respondent filed a Preliminary Response, ECF No. 9, that states he would not raise the affirmative defense of

exhaustion with respect to recidivism reduction programming participation. ECF No. 9 at 2. Respondent, however, argues that Applicant has not administratively exhausted his remedies regarding the presentence report challenge and exhaustion would not be futile. *Id.*

Subsequent to Respondent submitting a Preliminary Response, Applicant filed three separate pleadings. The first pleading was a Motion for Clarification, ECF No. 10, in which Applicant seeks to explain how this § 2241 action is different than the other § 2241 action he filed in the United States District Court for the Central District of California-Western Division. *See Noe v. Warden, USP Victorville,* No. 17-cv-01574-AB-AS(D. Ca. Sept. 11, 2017) (action dismissed because petitioner was challenging errors in his sentence and not asserting actual innocence, which is more properly presented in the sentencing court), *denied,* No. 20-56351 (9th Cir. Mar. 29, 2021) (motion for reconsideration or to recall mandate denied by the Ninth Circuit on April 21, 2021). Applicant also submitted an Amended Application, ECF No. 11, in which he restates the same claims he asserted in the original Application, ECF No. 1.

Finally on October 18, 2021, Applicant filed a Reply, ECF No. 12, to the Preliminary Response. In the Reply, Applicant argues that Respondent was not honest with the Court regarding Applicant's attempts to exhaust his administrative remedies. Applicant contends that on August 23, 2021, he did file a BP8 form, but he was told that he must contact the sentencing court and get a corrected PSI. ECF No. 12 at 15. Applicant further contends that when he filed a BP9 on August 30, 2021, the Administrative Remedy Coordinator refused to file the BP9, told him it was rejected, and that he should file with the court. *Id.* at 3-4. Applicant asserts that he appealed the

institution denial on September 13, 2021, but he has not received a reply, even though Respondent asserts that the appeal was rejected. *Id.* at 11.

II. Discussion

Upon review of the Declaration submitted by Respondent, and attached documents, the Court finds that the Administrative Remedy Generalized Retrieval Report appears to agree with Applicant's claims. Applicant was told on September 1, 2021, that the Administrative Remedy No. 1092933-F1 was rejected, and he was told, "You need to appeal your points with the court." ECF No. 9-1 at 6. Applicant filed an Administrative Remedy No. 1092993-R1 on September 13, 2021, appealing the institution level decision, which was rejected on September 24, 2021, and noted by the Regional Office that Applicant had sent his request or appeal to the "wrong level or wrong office," and that the rejection was "[r]emanded to institution" . . . and "Staff will send letter to probation." *Id.* 6-7. Respondent concludes that Applicant has not properly exhausted his administrative remedies because he has not attempted to "resubmit this appeal." *Id.* at 7.

Exhaustion of available administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010). The exhaustion requirement is satisfied through proper use of the available administrative procedures. *See Woodford v. Ngo*, 548 U.S. 81 (2006) (addressing exhaustion of administrative remedies under the Prison Litigation Reform Act). "The burden of showing exhaustion rests on the petitioner in federal habeas corpus actions." *Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981) (per curiam); *see also Jones v. Davis*, 366 F. App'x 942, 944 (10th Cir. 2010).

The BOP administrative remedy procedure is available to federal prisoners such as Applicant. *See* 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy procedure allows "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals. *See* 28 C.F.R. §§ 542.13 - 542.15. An inmate has twenty days to complete informal resolution and file a formal written administrative remedy request. *See* 28 U.S.C. § 542.14(a). An inmate has twenty days to appeal to the appropriate regional director and thirty days to file a national appeal to the BOP Central Office. *See* 28 U.S.C. § 542.15. These deadlines can be extended if the inmate demonstrates a valid reason for delay. *See* 28 C.F.R. §§ 542.14(b), 542.15(a).

The BOP has twenty days to respond to an administrative remedy request, thirty days to respond to a regional appeal, and forty days to respond to a national appeal, and these response times can be extended once by twenty days at the institution level, thirty days at the regional level, and twenty days at the national level. *See* 28 C.F.R. § 542.18. "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." *Id.*

An administrative remedy request or appeal may be rejected and returned to the inmate if the inmate fails to comply with the procedural requirements of the administrative remedy procedure. 28 C.F.R. § 542.17(a). When a submission is

rejected, the inmate is provided written notice of the reason for rejection and, if the defect is correctable, a reasonable extension of time to correct the defect and resubmit the request or appeal. 28 C.F.R. § 542.17(b).  If an administrative remedy request or appeal is rejected and the inmate is not given an opportunity to correct the defect, the inmate may appeal the rejection to the next level.  28 C.F.R. § 542.17(c).

Even though Applicant asserts that he did not receive a reply from the Regional Office regarding his appeal, as stated above, pursuant to 28 C.F.R. § 542.18, "[i]f the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level."  Applicant, therefore, had the ability to appeal his request for administrative remedies to the Central Office after October 13.  Nonetheless, Applicant was aware of the Regional Office rejection at the latest by October 12, when he signed his Reply, ECF No. 12, to Respondent's Preliminary Response.  He is aware that the Regional Office returned the appeal to the institution for prison staff to send a letter to probation regarding the alleged presentence errors as stated in the Preliminary Response. Nothing in the rejection by the Regional Office states that Applicant is prohibited from appealing any response from probation in Administrative Remedy No. 1092993-R1.

Applicant, therefore, has not exhausted the available administrative remedies, and he fails to demonstrate exhaustion would be futile.  A prisoner may not exhaust "administrative remedies by, in essence, failing to employ them."  *Jernigan v. Stuchell*, 304 F.3d 1030, 1033 (10th Cir. 2002).

III. Conclusion

Accordingly, it is

ORDERED that the Application will be denied in part without prejudice with respect to Claim Two, which addresses Applicant's presentence investigation report errors, for failure to exhaust administrative remedies in Administrative Remedy No. 1092993. It is

FURTHER ORDERED that Respondent show **cause within thirty days from the date of this Order** why the Application, with respect to Claim One, which addresses recidivism reduction programming participation in Administrative Remedy No. 1065809, should not be granted on the merits. It is

FURTHER ORDERED **that within thirty days of Respondent's answer to the show cause order** Applicant may file a reply, if any. It is

FURTHER ORDERED that Applicant shall remain in custody until further order. It is

FURTHER ORDERED that the Clerk of the Court is directed to close Applicant's Motion for Clarification, ECF No. 10, as addressed pursuant to this Order.

DATED: November 16, 2021

BY THE COURT:

Christine M Arguello
CHRISTINE M. ARGUELLO
United States District Judge