IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 21-cv-02471-CMA

PETER GEORGE NOE,

    Applicant,

v.

B. TRUE, Warden,

    Respondent.

---

**ORDER DENYING APPLICATION FOR WRIT OF HABEAS CORPUS**

---

This matter is before the Court on Applicant Peter George Noe's amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("amended Application") (ECF 11). The Court construes the amended Application and other papers filed by Mr. Noe liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the following reasons, the Court denies the amended Application without prejudice and dismisses this action.

**I. BACKGROUND**

Mr. Noe is a prisoner in the custody of the Federal Bureau of Prisons ("BOP"). He asserts two claims for relief in the amended Application. Claim two was dismissed without prejudice on November 16, 2021 for Applicant's failure to exhaust available administrative remedies. (ECF 14).

In claim one, Mr. Noe contends that he is eligible for 10-15 days per month of

time credit for the past year under the First Step Act of 2018 for successfully completing approved and assigned evidence-based recidivism reduction programs or other productive activities and that the BOP has failed to award the time credits. According to Mr. Noe, the BOP has deemed him ineligible to receive the credits because he was convicted under 21 U.S.C. § 846 and his sentence was enhanced due to his "leadership rol[e]." (ECF 11 at 3). Mr. Noe asks the Court to credit him with 180 days toward home confinement. (*Id.* at 13).

On November 16, 2021, Respondent was ordered to show cause why claim one of the Application should not be granted (ECF 14). Mr. Noe was instructed that he may file a Reply within 30 days of Respondent's answer to the show cause order (*id.*). On November 18, 2021, Respondent filed a Response to Order to Show Cause (ECF 15) arguing that Mr. Noe's claim is not ripe for adjudication. On December 13, 2021, the Court issued an Order (ECF 20) denying Mr. Noe's December 6, 2021 Motion to Amend, Correct and Supplement and Reconsider" (ECF 16), and instructed Mr. Noe that he may file a Reply on or before January 12, 2022. Mr. Noe filed a Letter (ECF 21) on January 12, 2022, in which he states that he did not receive an order ruling on the Motion to Amend and that if the Court ordered him to file a Reply, the order has been lost in the prison mail.

## II. ANALYSIS

An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411

2

U.S. 475, 484 (1973); *see also McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Habeas corpus relief is warranted only if Mr. Noe "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

**A. First Step Act**

"Congress enacted the First Step Act to reform sentencing law and to reduce recidivism." *United States v. Saldana*, 807 F. App'x 816, 818 (10th Cir. 2020). Relevant to Mr. Noe's claim, the First Step Act provides that an eligible prisoner "who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits" that "shall be applied toward time in prerelease custody or supervised release." 18 U.S.C. § 3632(d)(4)(A), (C).

Pursuant to 18 U.S.C. § 3632(a), the Attorney General was required to develop "a risk and needs assessment system" to be used by the BOP in assessing inmates "[n]ot later than 210 days after the date of enactment" of the First Step Act on December 21, 2018. This deadline was met when the Department of Justice released a risk and needs assessment system on July 19, 2019. *See Holt v. Warden*, No. 4:20-CV-04064-RAL, 2021 WL 1925503 at *4 (D.S.D. May 13, 2021). Release of the risk and needs assessment system then triggered a new deadline to implement the system.

> (1) In general.-Not later than 180 days after the Attorney General completes and releases the risk and needs assessment system (referred to in this subsection as the 'System') developed under subchapter D, the Director of the Bureau of Prisons shall, in accordance with that subchapter-
>
> > (A) implement and complete the initial intake risk and needs assessment for each prisoner (including for each prisoner who was

3

> a prisoner prior to the effective date of this subsection), regardless of the prisoner's length of imposed term of imprisonment, and begin to assign prisoners to appropriate evidence-based recidivism reduction programs based on that determination;
>
> (B) begin to expand the effective evidence-based recidivism reduction programs and productive activities it offers and add any new evidence-based recidivism reduction programs and productive activities necessary to effectively implement the System; and
>
> (C) begin to implement the other risk and needs assessment tools necessary to effectively implement the System over time, while prisoners are participating in and completing the effective evidence-based recidivism reduction programs and productive activities.

18 U.S.C. § 3621(h)(1). The 180-day deadline for implementation and completion of the initial intake risk and needs assessments in § 3621(h)(1)(A) was met when, "[o]n January 15, 2020, the BOP announced that all inmates had been screened using the risk and needs assessment system known as the Prisoner Assessment Tool Targeting Estimated Risk and Needs ('PATTERN')." *Holt*, 2021 WL 1925503 at *4.

The First Step Act also establishes a two-year phase-in period linked to the remaining directives in § 3621(h)(1).

> (2) Phase-in.--In order to carry out paragraph (1), so that every prisoner has the opportunity to participate in and complete the type and amount of evidence-based recidivism reduction programs or productive activities they need, and be reassessed for recidivism risk as necessary to effectively implement the System, the Bureau of Prisons shall--
>
> (A) provide such evidence-based recidivism reduction programs and productive activities for all prisoners before the date that is 2 years after the date on which the Bureau of Prisons completes a risk and needs assessment for each prisoner under paragraph (1)(A); and
>
> (B) develop and validate the risk and needs assessment tool to be used in the reassessments of risk of recidivism, while prisoners are participating in and completing evidence-based recidivism reduction

4

>programs and productive activities.

18 U.S.C. § 3621(h)(2). During the phase-in period, "the priority for such programs and activities shall be accorded based on a prisoner's proximity to release date." 18 U.S.C. § 3621(h)(3). The two-year phase-in period ends on January 15, 2022. *See Holt*, 2021 WL 1925503 at *4.

Finally, Congress also gave the BOP authority to use the authorized incentives immediately upon enactment of the First Step Act and prior to full implementation.

>(4) Preliminary expansion of evidence-based recidivism reduction programs and authority to use incentives.--Beginning on the date of enactment of this subsection, the Bureau of Prisons may begin to expand any evidence-based recidivism reduction programs and productive activities that exist at a prison as of such date, and may offer to prisoners who successfully participate in such programs and activities the incentives and rewards described in subchapter D.

18 U.S.C. § 3621(h)(4).

**B. Ripeness**

Respondent maintains that claim one of the amended Application is not ripe for adjudication.

"The purpose of the ripeness doctrine is to prevent the premature adjudication of abstract claims." *Tex. Brine Co. v. Occidental Chem. Corp.*, 879 F.3d 1224, 1229 (10th Cir. 2018). "Constitutional ripeness is based on Article III's requirement that federal courts hear only 'cases' and 'controversies.'" *United States v. Cabral*, 926 F.3d 687, 693 (10th Cir. 2019) (quoting U.S. Const. Art. III, § 2.) "Ripeness is peculiarly a question of timing, intended to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *New Mexicans for Bill*

*Richardson v. Gonzales*, 64 F.3d 1495, 1499 (10th Cir. 1995) (internal citation and quotation marks omitted). The relevant question is "whether the harm asserted has matured sufficiently to warrant judicial intervention." *Warth v. Seldin*, 422 U.S. 490, 499 n.10 (1975).

Respondent contends that Mr. Noe's claim is not ripe because the First Step Act permits the BOP to implement the evidence-based recidivism reduction programs and award time credits during the two-year phase-in period but does not require the BOP to do so until the phase-in period ends on January 15, 2022. For his part, Mr. Noe appears to believe that the BOP should have been applying time credits during the phase-in period and that he has a "liberty interest" in such credits that is protected by the federal Constitution. (ECF 11 at 5).

"When considering questions of statutory interpretation, [courts] first look to the plain language of the statute." *WildEarth Guardians v. United States Army Corps of Engineers*, 947 F.3d 635, 639 (10th Cir. 2020). When the ordinary meaning of the statutory language "gives a clear answer, judges must stop." *Food Marketing Inst. v. Argus Leader Media*, 139 S. Ct. 2356, 2364 (2019).

Here, the relevant statutory language provides that upon enactment of the First Step Act the BOP "*may* begin to expand any evidence-based recidivism reduction programs and productive activities that exist at a prison as of such date, and *may* offer to prisoners who successfully participate in such programs and activities the incentives and rewards described in subchapter D." 18 U.S.C. § 3621(h)(4) (emphasis added). The ordinary meaning of the word "may" is permissive, not mandatory. *See, e.g., United*

*States v. Bowden*, 182 F.2d 251, 252 (10th Cir. 1950) ("The use of the word 'may' in a statute will be construed as permissive and to vest discretionary power, unless the context of the statute clearly indicates a purpose to use it in a mandatory sense."). Comparing the use of "may" in § 3621(h)(4) with the use of "shall" in § 3621(h)(2) makes clear that the BOP has discretion to apply time credits during the phase-in period. *See Holt*, 2021 WL 1925503 at *5 ("This Court cannot read the word 'may' in 18 U.S.C. § 3621(h)(4) to mean 'shall,' particularly when the word 'shall' is used throughout the same subsection.").

The Court's conclusion that the statutory language in § 3621(h)(4) is permissive is consistent with the vast majority of district courts that have considered this issue and concluded the BOP is not required to apply earned time credits under the First Step Act prior to January 15, 2022. *See, e.g., Prince v. Fikes*, Civ. No. 21-643 (MJD/BRT), 2021 WL 2942311 at *2 (D. Minn. June 16, 2021) ("Because the First Step Act does not mandate actual implementation until January 2022, Prince is not entitled to the relief he seeks."); *United States v. Diaz*, No. 19-CR-65, 2021 WL 2018217, at *2 (S.D.N.Y. May 20, 2021) (agreeing with "the overwhelming majority of courts" that time credits are not required to be applied until January 15, 2022); *Fleming v. Joseph*, No. 20cv5990-LC-HTC, 2021 WL 1669361, at *5 (N.D. Fla. Apr. 7, 2021) ("While the BOP may, in its discretion, apply time credits for completed programs prior to January 15, 2022, it is not required to do so."); *Jones v. Hendrix*, Case No. 2:20-CV-00247-ERE, 2021 WL 2402196 at *4 (E.D. Ark. June 11, 2021) (finding a transfer under 28 U.S.C. § 1631 would be futile because "§ 3621(h)(4) makes implementation of the FSA earned time

credits <u>permissible</u>, not mandatory, during the two-year phase-in period."); *Holt*, 2021 WL 1925503 at *5 ("Although the BOP is evading the spirit of a phase-in of FSA earned time credits, the language Congress chose gives the BOP discretion to determine whether to implement the incentives component during the phase-in period."); *Kennedy-Robey v. Warden*, No. 20-cv-1371, 2021 WL 797516 (C.D. Ill. Mar. 2, 2021) (finding that use of the word "may" in § 3621(h)(4) "makes implementation permissive during the System's phase-in period, not mandatory").

      Mr. Noe's interpretation does find support in a District of New Jersey case that reached the opposite conclusion. In *Goodman v. Ortiz*, Civ. No. 20-7582 (RMB), 2020 WL 5015613 at *6 (D.N.J. Aug. 25, 2020), the court acknowledged that § 3621(h)(4) "does not explicitly provide a date when the BOP *must* apply a prisoner's earned credits from participation in recidivism reduction programs." Nevertheless, relying on the ordinary meaning of "phase-in" and the statutory frame-work of § 3621(h), the court concluded "the BOP must gradually implement the risk recidivism program, including the priority application of incentives to prisoners whose release dates are nearer." *Id.* The court found "no evidence in the statutory framework for delaying application of incentives earned by all prisoners during the phase-in program until January 15, 2022, the final date when BOP must complete the phase-in with respect to 'all prisoners.'" *Id. See also O'Bryan v. Cox*, 4:20-CV-04183-LLP, 2021 WL 983241 at *3 (D.S.D. Jan. 12, 2021) (agreeing *in dicta* with *Goodman* that "merely because Congress gave the BOP until January 15, 2022, to 'phase in' the FSA, this did not mean that in every case the BOP could deny FSA credits and thereby deny earlier release to all qualifying inmates

until that magic date.").

The Court is not persuaded by the reasoning in *Goodman*. The plain language of the statute authorizes the BOP to apply the earned credits at the present time but does not require the BOP to do so prior to January 15, 2022. For now, Mr. Noe does not have an enforceable right under § 3621(h) to the credits he seeks. Therefore, Mr. Noe's claim is not ripe, and the amended Application must be denied without prejudice for lack of subject matter jurisdiction.[1]

### III. CONCLUSION

For the foregoing reasons, it is

ORDERED that claim one the amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF 11) is DENIED without prejudice for lack of subject matter jurisdiction. It is

FURTHER ORDERED that the pending motions (ECF 18, 19, and 21) are DENIED. It is

FURTHER ORDERED that the Clerk of Court is directed to close this case.

DATED January 13, 2022.

BY THE COURT:

*Christine M. Arguello*
CHRISTINE M. ARGUELLO
United States District Judge

---

[1] Because it is clear that claim one is not ripe for adjudication, the Court finds that allowing Mr. Noe additional time to submit a Reply brief is unnecessary. Further, Mr. Noe was aware of the original 30-day deadline to file a Reply, as set forth in the November 16, 2021 Order (ECF 14).