IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Christine M. Arguello

Civil Action No. 21-cv-02471-CMA

PETER GEORGE NOE,

    Applicant,

v.

B. TRUE, Warden,

    Respondent.

**ORDER DENYING MOTION TO RECONSIDER**

This matter is before the Court on the Motion to Reconsider (ECF 27), filed *pro se* by Applicant, Peter George Noe, on January 28, 2022. Mr. Noe asks the Court to reconsider the January 13, 2022 Order Denying Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF 22). For the reasons discussed below, the Motion is denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider the Motion pursuant to Rule 59(e) because it was filed within twenty-eight days after the dismissal order was entered on January 13, 2022. *See Van Skiver*, 952 F.2d at

1

1243 (stating that motion to reconsider filed within time limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

## I. Legal Standard

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A Rule 59(e) motion should not revisit issues already addressed or advance arguments that could have been raised previously. *Id*.

## II. Analysis

Mr. Noe filed an amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF 11) asserting two claims for relief. Claim two was dismissed without prejudice on November 16, 2021, for Mr. Noe's failure to exhaust available administrative remedies. (ECF 14). In claim one, Mr. Noe asserted that he is eligible for 10-15 days per month of time credit for the past year under the First Step Act of 2018 for successfully completing approved and assigned evidence-based recidivism reduction programs or other productive activities and that the Bureau of Prisons (BOP) has failed to award the time credits. According to Mr. Noe, the BOP has deemed him ineligible to receive the credits because he was convicted under 21 U.S.C. § 846 and his sentence was enhanced due to his "leadership rol[e]." (ECF 11 at 3). Mr. Noe asked the Court to credit him with 180 days toward home confinement. (*Id.* at 13).

On January 13, 2022, the Court issued an Order concluding that claim one was not ripe for judicial review and dismissed this action without prejudice. (ECF 22).

Mr. Noe now argues in his Motion to Reconsider that the BOP's refusal to give him the time credits because of his conviction under 21 U.S.C. § 846 "makes the claim ripe." (ECF 27 at 2). Mr. Noe's first claim for relief is not ripe for the reasons discussed in the January 13 Order. If Mr. Noe believes that the BOP is failing to comply with the First Step Act now that the statutory two-year "phase in" period under 18 U.S.C. § 3621(h)(2) has ended, he may initiate a new § 2241 proceeding.  Mr. Noe is reminded that exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241.  See *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010); *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986).  The exhaustion requirement is satisfied only through proper use of the available administrative procedures.  See *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

Upon consideration of the Motion and the entire file, the Court finds no basis to reconsider and vacate the January 13, 2022 Order dismissing this action without prejudice.  Accordingly, it is

ORDERED that the Motion to Reconsider (ECF 27), filed *pro se* by Applicant, Peter George Noe, on January 28, 2022, which the Court construes liberally as a motion for relief under Fed. R. Civ. P. 59(e), is DENIED. It is

FURTHER ORDERED that the Motion Concerning Status (ECF 26), filed on January 28, 2022, is GRANTED as follows: Mr. Noe's pending motions were denied in

the January 13, 2022 Order, a copy of which was mailed to Mr. Noe the same day.  Mr. Noe shall advise the Court if he did not receive a copy of the January 13 Order, which may have crossed in the mail with his Motion Concerning Status.

DATED February 1, 2022.

BY THE COURT:

*Christine M Arguello*
CHRISTINE M. ARGUELLO
United States District Judge